**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HENRY KORMOS,
        Plaintiff,         CIVIL ACTION NO. 06-CV-15391

 VS.         DISTRICT JUDGE DENISE PAGE HOOD

SPORTSSTUFF, INC.,         MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.
                             /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO DEFAULT DEFENDANT SPORTSSTUFF FOR DISCOVERY ABUSES OR,
IN THE ALTERNATIVE, TO COMPEL PRODUCTION OF DOCUMENTS IN
PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND
THINGS**

      Before the Court is Plaintiff's Motion to Default Defendant Sportsstuff for Discovery Abuses or, in the Alternative, to Compel Production of Documents in Plaintiff's Second Request for Production of Documents and Things filed on July 24, 2007. (Docket no. 25). Defendants filed a Response on August 15, 2007. (Docket no. 34). The parties filed a Joint Statement of Contested and Uncontested Issues on August 17, 2007. (Docket no. 37). The motion was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 30). The Court conducted a hearing on the motion on August 28, 2007. The matter is now ready for ruling.

      This is a products liability action. Plaintiff alleges that he suffered injuries including a fractured spine on June 24, 2006 as a result of using the Wego Kite Tube (Kite Tube) water sport product. Plaintiff further alleges that Sportsstuff, Inc. (Sportsstuff or Defendant) designed, manufactured, tested and marketed the Kite Tube. Plaintiff alleges that Defendant World Publications, LLC, advertised and promoted the Kite Tube. Plaintiff brings claims against Sportsstuff for statutory

or common law product liability, breach of warranty, violation of the Michigan Consumer Protection Act and inherently dangerous product. Plaintiff brings claims against World Publications, LLC, for statutory or common law publication liability, breach of warranty, violation of the Michigan Consumer Protection Act and inherently dangerous product.

Plaintiff brings this Motion to default Defendant Sportsstuff for discovery abuses or, in the alternative, to compel production of documents requested pursuant to Plaintiff's Second Request for Production of Documents and Things to Defendant Sportsstuff. Plaintiff also seeks court costs, including attorney fees and costs. The Requests for Production at issue in this Motion involve requests for documents relating to other lawsuits against Defendant and lawsuits relating to the Kite Tube.

As an initial matter, neither party did its job in briefing these issues for the Court. First, Plaintiff/movant did not include a "verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion" as required by Local Rule 37.2. Defendant in its Response included a copy of the requests and responses at Exhibit A. Second, neither party provided any legal authority for its arguments for or against production of the requested documents related to other lawsuits other than simply referencing the Federal Rules of Civil Procedure, despite existing caselaw regarding the discovery of other lawsuits and public records.

Fed. R. Civ. P. 26(b) allows "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The question of whether the requested discovery is reasonably calculated to lead to the discovery of admissible evidence is a close question. Broad discretion is afforded to the Court in regulating discovery. *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991). The Court is guided by the

strong, overarching policy of allowing liberal discovery. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002).

Under Fed. R. Civ. P. 34, any party may serve on any other party a request to produce documents which "are in the possession, custody or control of the party upon whom the request is served." "The word "control" is to be broadly construed. A party controls documents that it has the right, authority, or ability to obtain upon demand." *Scott v. AREX, Inc.*, 124 F.R.D. 39, 41 (D. Conn. 1989)[1].

"Discovery of other lawsuits is not a subject that is amenable to a *per se* rule. The Court must look to the relevance of the other suits to the particular claims at issue." *Thornton v. State Farm Mutual Auto Ins. Co.,* 2006 U.S. Dist. LEXIS 87845 *5 (N.D. Ohio 2006). "[W]hether pleadings in one suit are "reasonably calculated" to lead to admissible evidence in another suit . . . depends on the nature of the claims, the time when the critical events in each case took place, and the precise involvement of the parties, among other considerations." *Payne v. Howard*, 75 F.R.D. 465, 469 (D.D.C. 1977); *Thornton*, 2006 U.S. Dist. LEXIS 87845 *5. Other lawsuits could lead to evidence of knowledge. *Thornton*, 2006 U.S. Dist. LEXIS 87845 *7; *see also Lohr v. Stanley-Bostitch, Inc.*, 135 F.R.D. 162, 164 (W.D. Mich. 1991) ("For discovery purposes, the court need only find that the circumstances surrounding the other accidents are similar enough that discovery concerning those incidents is reasonably calculated to lead to the uncovering of substantially similar occurrences." *Id.* at 164.). There is caselaw that supports the limited production of pleadings from other lawsuits, but "[i]t is well established that discovery need not be required of documents of public record which are

---

[1] Defendant's argument that if documents are not in the control of local counsel in these actions then they are not available for production is not persuasive. The Defendant is Sportsstuff. To the extent that Sportsstuff may obtain documents from any of its local counsel upon demand, the documents are within its control.

equally accessible to all parties." *Securities and Exchange Comm'n v. Sloan & Co.*, 369 F. Supp. 994, 995 (S.D.N.Y. 1973).

Plaintiff in his motion and brief makes only general assertions that his discovery requests are "directed at relevant and substantive information pertaining to this matter." *See* Motion ¶ 4. While it is not clear from Plaintiff's Motion to Compel and Brief how some of Plaintiff's Requests are relevant, Plaintiff's Complaint contains numerous allegations that Defendant Sportsstuff had knowledge that its product was defective and unreasonably dangerous and that Defendant knew or should have known about the various propensities of the Kite Tube to behave unpredictably and dangerously. First Amended Complaint ¶¶ 3, 30, 31, 32, 33, 34, 35-38.

As shown above, discovery of other lawsuits may lead to the discovery of admissible evidence of prior knowledge and notice. However, Plaintiff seeks a variety of documents related to other lawsuits that may or may not have similar circumstances to Plaintiff's lawsuit. Plaintiff also seeks documents that are a matter of public record. There is a very real danger that the burden of producing these documents will far outweigh the probative value of the documents on these issues. Although Plaintiff's written requests were broad and in many instances not limited to similar incidents involving the Kite Tube, at the hearing Plaintiff's counsel orally amended the pleadings to limit his requests to information relating to lawsuits filed against Defendant from 2005 to present which involve the Kite Tube and assert injury, death and/or product liability or product liability-related claims.

Request for Production No. 7 requests copies of any and all other legal complaints filed by other plaintiffs against Defendant. Defendant objected to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objected that the information requested is equally available to Plaintiff as to Defendant.

4

The identifying information related to any lawsuits filed and served on Defendant is readily available to Defendant. It would be burdensome, if even possible, for Plaintiff to contact and search the docket of every court in the country seeking this information, some of which is not available online. With the identifying information for each action, Plaintiff can pursue the publicly filed documents himself. Therefore, Defendant will be ordered to produce identifying information for any lawsuit filed against Defendant from 2005 to December 5, 2006, the date of filing Plaintiff's Complaint, which involves the Kite Tube and asserts injury, death and/or product liability or product liability-related claims. Identifying information should include the names of the parties, the court and jurisdiction in which the lawsuit was filed, the date of filing and the docket number for the lawsuit. The production is further limited to information from documents within the possession, custody or control of Defendant. The Court will deny Plaintiff's request for copies of legal complaints because they are a matter of public record.

Request for Production No. 12 requests copies of any and all deposition transcripts, and exhibits attached thereto of depositions of any employee, agent or representative of Sportsstuff taken in any Wego kite tube case. Defendant objected that the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objected that it is bound by a protective order covering a portion of the information requested.

Plaintiff argued that under Fed. R. Civ. P. 26(b)(3), he is entitled to statements made by a party concerning the subject matter of this action without showing necessity. However, Fed. R. Civ. P. 26(b)(3) states that "[a] party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party." The purpose of this portion of Rule 26(b)(3) is to enable "a party to secure production of *his own* statements without any special showing." Fed. R. Civ. P. 26(b)(3) Advisory Committee's Note, 1970 Amendment (emphasis added). The

5

exception does not apply in this case. Plaintiff is not seeking his own statement, he seeks statements by Sportsstuff. Plaintiff has not otherwise made a showing of the relevance and necessity of producing the depositions requested by Request No. 12. The Court will deny Plaintiff's Motion to Compel as to Request No. 12.

Request for Production No. 13 requests copies of any and all deposition transcripts and exhibits of depositions of all expert witnesses, excluding medical experts, taken in any Wego kite tube case. Defendant objected that this request was overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also responded that its own experts in other cases have not, to date, testified in this matter and therefore there are no deposition transcripts to provide. Plaintiff did not show how the requested documents are relevant to his lawsuit and provided no legal authority for his premise that Defendant must bear the burden of supplying him with deposition transcripts for expert witnesses in a multitude of other lawsuits. With the information Defendant will supply in response to Request No. 7, Plaintiff may pursue this information on his own. The Court will deny Plaintiff's Motion to Compel as to Request No. 13.

Request for Production No. 14 requests copies of witness lists and/or expert disclosures filed by any other plaintiffs in a Wego Kite Tube case against Defendant Sportsstuff. Defendant objected to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objected that the information requested is equally available to the Plaintiff as it is the Defendant.

Plaintiff requests Documents that have been "filed" and are a matter of public record. Again, with the information Defendant will provide in response to Request No. 7, Plaintiff may discern whether these lists are relevant to his case and may obtain them on his own. The Court will deny Plaintiff's Motion to Compel as to Request No. 14.

Request for Production No. 15 requests copies of any documents produced in any litigation in any Wego kite tube case by Sportsstuff. Defendant objected to this request as overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further responded that Plaintiff already has all documents produced in all of the Kite Tube cases.

The Court will deny Plaintiff's Motion to Compel as to Request No. 15 because Defendant stated in its response and at the hearing that it has already provided these documents to Plaintiff. However, Defendant is reminded that it has a continuing obligation under the Federal Rules of Civil Procedure to supplement its responses including the production of additional documents if it learns that this production and/or response was incomplete.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Production of Documents (docket no. 25) is **GRANTED IN PART AND DENIED IN PART** as set out below.

**IT IS ORDERED** that within seven days of the entry of this Order, Defendant will produce in response to Request No. 7 the identifying information for any lawsuit filed against Defendant from 2005 to December 5, 2006, the date of filing Plaintiff's Complaint, which involves the Kite Tube and asserts injury, death and/or product liability or product liability-related claims. Identifying information includes the names of the parties, the court and jurisdiction in which the lawsuit was filed, the date of filing and the docket number for the lawsuit. The Order to Produce is limited to information from documents within the possession, custody or control of Defendant. Plaintiff's request for copies of the Complaints is DENIED pursuant to Request No. 7.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel as to Request Nos. 12, 13, 14 and 15 and for attorneys fees and costs and Plaintiff's Motion to Default Defendant are DENIED.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: September 04, 2007         s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE




## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: September 04, 2007         s/ Lisa C. Bartlett
                                  Courtroom Deputy