# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**HENRY KORMOS,**

       **Plaintiff,**           **CIVIL ACTION NO. 06-CV-15391-DT**

  VS.                             **DISTRICT JUDGE DENISE PAGE HOOD**

**SPORTSSTUFF, INC.,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
       **Defendants.**
                             /

## OPINION AND ORDER GRANTING IN PART DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on Defendant Sportsstuff, Inc.'s Emergency Motion for Protective Order Pursuant to FRCP 26(c) filed on October 3, 2007. (Docket no. 44). Plaintiff filed a Response on October 9, 2007. (Docket no. 46). This motion was referred to the undersigned for decision on October 19, 2007 pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 47). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The motion is now ready for ruling.

This is a products liability matter arising out of an extreme water sports accident that occurred on June 24, 2006. Defendant is seeking a protective order pursuant to Fed. R. Civ. P. 26. Rule 26(c) allows the Court to issue protective orders for good cause shown to protect a person from annoyance, embarrassment, oppression, or undue burden or expense. Defendant has the burden of showing good cause for a protective order.

Plaintiff served two Notices of Taking Deposition Duces Tecum on two of Defendant Sportsstuff's employees, James Koranda and Jay Schneider. (Docket no. 44, ex. A). The depositions were to begin on October 10, 2007, but they have been postponed pending the outcome of this motion. The deposition notices instructed the deponents to bring with them certain documents. Defendant estimates that approximately 500 to 1000 documents are requested. Plaintiff estimates that 200 or less

documents are requested. Defendant states that the information requested by Plaintiff "has previously been provided to him in a document production on April 19, 2007." (Docket no. 44 ¶ 4). Defendant further argues that Plaintiff's request is an attempt to circumvent this Court's September 4, 2007 Order which denied in part a Motion to Compel filed by Plaintiff. (Docket no. 39).

Plaintiff does not dispute that Defendant may have already produced the documents he seeks. He states that he received one DVD containing almost 40,000 pages of documents but that "there is no reasonable way" counsel can read, take notes, and select the relevant few pages necessary to take discovery in this case. (Docket no. 46 ¶ 4). Plaintiff states that the documents he seeks are "essentially the same documents" requested from Defendant for the depositions of Mr. Schneider and Mr. Koranda in a separate case litigated in Texas, the *Freeland* case. (*Id.* at ¶ 3). Thus, an attachment to the subpoenas duces tecum served by Plaintiff in the present action lists the exhibits to Mr. Schneider's deposition in the *Freeland* action. Accordingly, for the purpose of the present motion, Plaintiff seeks and Defendant seek to avoid producing, or producing again, the exhibits to Mr. Schneider's deposition taken in January 2007 in the *Freeland* case.

This Court denied, in its September 4, 2007 Order, Plaintiff's Motion to Compel Defendant Sportsstuff to produce "[c]opies of any and all deposition transcripts, and exhibits attached thereto of depositions of any employee, agent or representative of Sportsstuff taken in any Wego kite tube case." (Request 12 of Plaintiff's Second Request for Production of Documents and Things). The *Freeland* case was a Wego kite tube case. Plaintiff's present request is therefore an attempt to obtain documents previously denied to him. Plaintiff's earlier request was, however, much broader than the present request. Also, Defendant asserts that the documents requested by Plaintiff have already been produced–about five months ago. Plaintiff does not dispute this, but contends that if they have been

2

produced they are in a form, both because of the number of documents produced and a different numbering format, that he cannot be reasonably expected to find the documents he wishes.

Defendant has shown good cause to grant its Motion for Protective Order and shield it from having to produce the requested documents. First, this Court has already denied Plaintiff's Motion to Compel the requested documents. In addition, Plaintiff has not examined the documents already produced so that he can refute Defendant's assertion that these documents are in Plaintiff's possession. However, the Court acknowledges that attempting to identify some 200 documents out of 40,000 pages of documents is a daunting task. In addition, the Court's earlier Order did not rule on this specific and much narrower document request. Plaintiff's counsel states in his affidavit that Defendant's counsel at one point agreed "that sending him copies of the deposition index pages (along with the deposition notices) wherein the documents produced in the *Freeland* case were identified both by exhibit number and bates numbers" was the easiest way to identify and locate the documents requested in this case. (Docket no. 46, attached Affidavit of Michael T. Materna). The 40,000 pages of documents Defendant produced on DVD have Bates numbers stamped on them, according to Plaintiff. The Court will therefore order Defendant to provide, for the documents listed as an exhibit to Mr. Schneider's deposition in the *Freeland* case, an index matching up the Bates numbers on the documents produced in the DVD with those Bates numbers on the documents presently requested by Plaintiff.

**IT IS THEREFORE ORDERED** that Defendant's Emergency Motion for Protective Order (docket no. 44) is **GRANTED** to the extent that Defendant is not required to produce any documents for Plaintiff's depositions of its employees Koranda and Schneider pursuant to Plaintiff's Notices of Taking Deposition Duces Tecum, except for the index described above pertaining only to the documents listed as exhibits to Mr. Schneider's deposition in the *Freeland* case (as set out in the

3

attachment to Plaintiff's Subpoenas Duces Tecum). Defendant will produce the index on or before November 7, 2007.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 24, 2007            s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: October 24, 2007            s/ Lisa C. Bartlett
                                           Courtroom Deputy